IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

FRANK VON CROWE                                                                    PETITIONER
Reg # 17915-045

VS.                         CASE NO.: 2:10CV00206 DPM/BD

T.C. OUTLAW, Warden,
Federal Correctional Complex,
Forrest City, Arkansas                                                              RESPONDENT

## RECOMMENDED DISPOSITION

I.     **Procedure for Filing Objections:**

The following Recommended Disposition has been sent to United States District Judge D.P. Marshall Jr.  Any party may file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this Recommended Disposition.  A copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

II.     **Background:**

On August 23, 2005, Petitioner received a 188-month sentence in the Bureau of Prisons ("BOP") after a jury in the United States District Court for the Central District of California found him guilty of conspiracy to distribute methamphetamine. (Docket entry #1) Petitioner appealed the conviction and sentence; the Ninth Circuit Court of Appeals affirmed on December 6, 2006. *United States v. Crowe*, 209 Fed.Appx. 732, 206 WL 3499987 (9th Cir. Dec. 6, 1993).

On May 16, 2008, Petitioner filed a motion to vacate, set aside, or correct his federal sentence under 28 U.S.C. § 2255 with the District Court. *United States v. Crowe*, Case No. 2:08CV03250-R (C.D.Cal. filed May 16, 2008). United States District Judge Manuel L. Real denied the motion on October 2, 2008. *Id*.

Petitioner did not appeal the denial of his § 2255 motion. Instead, he filed a motion for relief from judgment on July 16, 2010, which the District Court rejected.[1] *Id*. at docket entry #6. He then filed a motion to expand the record and an application for authorization to file a second or successive petition with the Ninth Circuit Court of Appeals. The Court of Appeals denied the motion and application on October 18, 2010. *Id*. at docket entry #7.

---

[1] Petitioner might have been trying to file a second or successive petition when he filed the rejected motion for relief of judgment. Docket entry #1, p. 2.

2

Petitioner is now incarcerated in the Federal Correctional Complex in Forrest City, Arkansas. On December 29, 2010, he filed the current petition for writ of habeas corpus under 28 U.S.C. § 2241. (docket entry #1) Petitioner has not paid the applicable filing fee or filed an application for leave to proceed *in forma pauperis*. For the reasons that follow, the Court recommends that the District Court DENY and DISMISS the petition without prejudice.

### III.  Jurisdiction:

In the current petition, Petitioner claims that the BOP lacks jurisdiction to detain him because his crime was "never under the jurisdiction of the United States." (docket entry #1, p. 1) He claims the United States Attorney for the Central District of California abducted him and that neither the warden, the BOP, nor any other entity has proper jurisdiction to detain him. (docket entry #1, p. 4) Petitioner's claims must be brought before the trial court under 28 U.S.C. § 2255.

Federal inmates generally must challenge their conviction or sentence by bringing a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct their sentence in the sentencing court. *Lopez-Lopez v. Sanders*, 590 F.3d 905, 907 (8th Cir. 2010); (citing *Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004), cert. denied, 545 U.S. 1147, 125 S.Ct. 2984 (2005)). A habeas corpus petition under 28 U.S.C. § 2241, on the other hand, attacks the execution of a sentence, or the manner in which the sentence is being carried out, and it is within the subject-matter jurisdiction of the court presiding in the judicial

district where the prisoner is incarcerated. *Matheny v. Morrison*, 307 F.3d 709, 711-12 (8th Cir. 2002); *DeSimone*, 805 F.2d at 323. However, a petition for habeas corpus relief under § 2241, "shall not be entertained if it appears that the applicant has failed to apply for relief, by [§ 2255] motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by [§ 2255] motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). This language is generally referred to as the "savings clause" in 28 U.S.C. § 2255.

To take advantage of the savings clause, a petitioner has the burden of demonstrating the inadequacy or ineffectiveness of seeking relief from the sentencing court under 28 U.S.C. § 2255. *Lopez-Lopez*, 590 F.3d at 907 (citing *Abdullah*, 392 F.3d at 959). This is a "narrowly -circumscribed 'safety valve.'" *United States ex rel. Perez v. Warden, FMC Rochester*, 286 F.3d 1059, 1061-62 (8th Cir. 2002), cert. denied, 537 U.S. 869, 123 S.Ct. 275 (2002). The mere fact that an individual is barred from filing a § 2255 motion for procedural reasons does not render the remedy inadequate or ineffective so as to permit a petitioner to file under § 2241. *Lopez-Lopez*, 590 F.3d at 907. Specifically, the § 2255 remedy is not inadequate or ineffective because the claim was previously raised in a § 2255 motion but rejected because the petitioner was denied leave to file a second or successive § 2255 petition, or because a § 2255 petition is time-barred. *Id*.

In this case, Petitioner clearly challenges his sentence and conviction. His direct appeal of his conviction was unsuccessful; his first § 2255 motion was denied; and his

motion to file a second or successive § 2255 motion was denied by the Court of Appeals. Because the sentencing court already has denied Petitioner relief, this Court cannot entertain this § 2241 habeas petition unless the § 2255 remedy is "inadequate or ineffective" under the statute's savings clause.

Petitioner argues that the remedy in a § 2255 motion is inadequate or ineffective because the sentencing court and the Ninth Circuit Court of Appeals both denied relief. (docket entry #1, p. 2) The sentencing court denied Petitioner's § 2255 motion, and the Court of Appeals denied Petitioner's motion to file a second or successive petition. A § 2255 motion is not inadequate or ineffective, however, merely because relief has already been denied or because Petitioner has been denied permission to file a second or successive petition. *Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003) (citing *United States v. Lurie*, 207 F.3d 1075, 1077 (8th Cir. 2000)). Accordingly, Petitioner has not met his burden to proceed under the § 2255 savings clause, and this Court cannot entertain his petition under 28 U.S.C. § 2241. Petitioner's claims clearly challenge the validity of his conviction and sentence and, therefore, should have been brought in the Central District of California where he was convicted and sentenced, or in the appropriate Court of Appeals – in this case, the Court of Appeals for the Ninth Circuit.

**IV.    Conclusion:**

Because the Court lacks subject matter jurisdiction over Petitioner's 28 U.S.C. § 2241 petition for writ of habeas corpus, this Court recommends that the District Court DISMISS Petitioner's petition (#1) without prejudice.

DATED this 13th day of January, 2011.

_____
UNITED STATES MAGISTRATE JUDGE